## Commonwealth v. Fletcher

*Richard C. Brittain, District Attorney,* for Commonwealth.
*Robert L. Marks,* for defendant.

MYERS, *P.J.,* September 1, 1977 — Defendant was arrested and charged with running a red light, in violation of section 1028 of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §1028(a)(3). After being found guilty by a district justice, defendant filed an appeal to this court. We held a de novo hearing, and the matter is now ready for disposition.

The instant charge arose out of an accident which occurred at the intersection of U.S. Route 11 and Danville State Hospital Road. Defendant was traveling east on Route 11, when his vehicle struck the side of a car operated by John McClintock, who was in the process of pulling onto Route 11 from the Hospital Road.

At the hearing, McClintock testified that he had a green light. He admitted, however, that he did not look for approaching traffic on Route 11 before entering the intersection.

McClintock's testimony about the green light was substantiated by William Zanella, who was heading east on Route 11. According to Zanella, the light was "definitely red" for traffic on Route 11.

Defendant also testified. He stated that the light was red as he was approaching the intersection, but that it then changed to green. Defendant maintained that his light was green at the moment of impact.

The traffic lights in question have been a source of frustration and concern to many motorists. The lights are not properly secured, with the result that they blow around in the wind, thereby making it

difficult, if not impossible, for an approaching driver to see them. The lights are also nearly impossible to see when the sun is behind them. Furthermore, for a number of weeks after they were initially erected last year, the lights facing eastbound traffic on Route 11 were crooked, so that they were only marginally visible to oncoming motorists. Moreover, on numerous occasions, the lights have been out of order. Finally, the lights are erected at a point on Route 11 where the speed limit is 55 mph, yet there are no conspicuous signs warning unwary motorists of the lights' presence.

In short, these traffic lights are a hazard. They have been the source of a number of accidents and many more near misses.

From an engineering standpoint we would be charitable in noting that the construction of these lights was not one of Penn D.O.T. engineers' better efforts.

We do not think Penn D.O.T. should expect impossible feats from the motorists who travel on Pennsylvania's highways. Under the circumstances, we are compelled to find defendant not guilty.

## ORDER OF COURT

And now, September 1, 1977, after hearing held de novo, we find defendant not guilty.

Costs to be paid by the County of Montour.